**UNITED STATES of America,**
**Plaintiff – Appellee,**

v.

**Mimi Villegas GALDI, aka Beatriz Marta Villegas, Mimi Beatriz Galdi, and Mirta Beatriz Garman, Defendant – Appellant.**

No. 03–50285.

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2004.*

Decided May 13, 2004.

Ronald L. Cheng, Esq.; Office of the U.S. Attorney, Los Angeles, CA, Joey L. Blanch, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: RYMER and GRABER, Circuit Judges, and MOLLOY,** Chief District Judge.

MEMORANDUM ***

Defendant Mimi Galdi appeals her dis-

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Donald W. Molloy, Chief District Judge, United States District Court for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

trict court conviction on two counts of sending threats through the mail in violation of 18 U.S.C. § 876.

1. Defendant first contends that neither of the two letters that underlie her conviction contained true threats, but were instead "hyperbolic" or "rhetorical" expressions of anger, or else were too "ambiguous" to be true threats. On an independent review of the whole record, *United States v. Hanna,* 293 F.3d 1080, 1088 (9th Cir.2002), we hold that the February and March 2002 letters constituted true threats under § 876. A reasonable person would foresee that the statements – including statements that the victim's building will be bombed – would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault him. *See Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coalition of Life Activists,* 290 F.3d 1058, 1074 (9th Cir.2002) (en banc) (citing standards).

2. Defendant also argues that the evidence of her specific intent to threaten, when she drafted and mailed the letters, was insufficient. We disagree. Defendant testified at trial about the letters. She conceded that she had sent the letters "to get attention" and to "suggest" to the victim that he should give in to her demands.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.